UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JASON GRANT MILLER                      Case No. 18-49231-MAR
                                                         Chapter 13
                                                         Hon. Mark A. Randon

           Debtor.
_____/

JASON GRANT MILLER,

       Debtor/Plaintiff,

v.                                                                  Adv. Pro. No.

SHERRY FINNERTY,

       Defendant.
_____/

## COMPLAINT

Jason Grant Miller, Debtor and Plaintiff, by his attorneys OSIPOV BIGELMAN, P.C., states for his complaint as follows:

### Jurisdiction

1.      This is an adversary proceeding in bankruptcy brought by Plaintiff pursuant to Bankruptcy Rule 7001(1).

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(E) and 28 U.S.C. § 1334.

### General Allegations

3.      The Debtor filed his Chapter 7 bankruptcy petition on June 28, 2018 ("Petition Date").

4. Prior to the Petition Date, Debtor owned certain parcels of real estate[1] ("Real Estate") jointly with his ex-wife, Defendant Sherry Ann Finnerty ("Defendant").

5. Debtor's interest in the Real Estate is disclosed on his Schedule A/B. There is no equity in the Real Estate, as creditor Canadian Lakes Property Owners Corp. holds a lien against the Real Estate in excess of its value.

6. Pursuant to the Judgment of Divorce (attached hereto as **Exhibit 1**) between Debtor and Finnerty, Finnerty was to surrender her interest in the Real Estate to Debtor.[2]

7. Finnerty has failed to surrender her interest in the Real Estate to the Debtor.

8. The Judgment of Divorce also awarded to Debtor "fifty (50%) percent of the marital portion of [Finnerty's] Ontario Teacher's Pension account" ("Pension").

9. Debtor listed his interest in this asset on his Schedule A/B as "1/2 interest in ex-wife's pension account per Judgment of Divorce" and valued the asset at $70,000.00.

10. Debtor's Schedule C claimed the Pension was fully excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2). The Trustee filed an objection to this treatment (Docket No. 34), and the Debtor filed a timely response (Docket No. 36). The matter is scheduled for hearing on January 16, 2019.

11. Debtor has repeatedly requested that Defendant turn over the Real Estate and the Pension. Defendant has failed and refused to do so.

---

[1] 8369 W Royal Road, Morton Twp, MI Parcel No. 11-158-038-000 and 9946 Sweet Tree Lane, Morton Twp, MI Parcel No. 5411-182-568-000

[2] Debtor's Schedule A/B also notes that "Debtor's name is still also on the following parcels, awarded to Debtor's ex-wife pursuant to JOD 8330 W Ridge Blvd, Morton Twp, MI Parcel No. 5411-158-085-000 8149 Carriage Lane, Morton Twp, MI Parcel No. 5411-189-018-000." Debtor is willing to sign appropriate quit claim deeds to complete transfer of such parcels to Finnerty, in accordance with the provisions of the Judgment of Divorce.

## COUNT I

### TURNOVER OF THE REAL ESTATE – 11 U.S.C. § 542

12. The Debtor incorporates by reference all prior paragraphs.

13. The Real Estate is property of the Debtor's bankruptcy estate pursuant to the Judgment of Divorce and 11 U.S.C. § 541(a).

14. Defendant must turn the Real Estate over pursuant to 11 U.S.C. § 542.

WHEREFORE, the Debtor respectfully requests this Honorable Court enter a Judgment in the Debtor's favor and against the Defendant directing the Defendant to turn over the Real Estate to the Debtor, ordering the Defendant to reimburse the Debtor for costs and interest, and granting the Debtor such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II

### TURNOVER OF THE PENSION – 11 U.S.C. § 542

15. The Debtor incorporates by reference all prior paragraphs.

16. The Pension is property of the Debtor's bankruptcy estate pursuant to the Judgment of Divorce and 11 U.S.C. § 541(a).

17. Defendant must turn the Pension over pursuant to 11 U.S.C. § 542.

WHEREFORE, the Debtor respectfully requests this Honorable Court enter a Judgment in the Debtor's favor and against the Defendant directing the Defendant to turn over the Pension to the Debtor, ordering the Defendant to reimburse the Debtor for costs and interest, and granting the Debtor such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III

## SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY – 11 U.S.C. § 362

18. The Debtor incorporates by reference all prior paragraphs.

19. Pursuant to 11 U.S.C. § 362(a)(3), Debtor's filing "operates as a stay, applicable to all entities, of any act to obtain possession of property of the estate or of property from the estate *or to exercise control over property of the estate*" (emphasis added).

20. By failing to turn over the Real Estate and the Pension, Defendant has exercised control over property of the estate, in violation of 11 U.S.C. § 362(a)(3).

21. Debtor has repeatedly requested that such property be turned over, but the Defendant has willfully refused to do so.

22. Pursuant to 11 U.S.C. § 362(k)(1), "any individual injured by any willful violation of a stay provided by this section *shall* recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages" (emphasis added).

23. Defendant has willfully violated the automatic stay.

24. Defendant is liable to Debtor for return of the Real Estate and Pension, and for Debtor's costs and attorneys' fees associated with brining this adversary proceeding, and for punitive damages.

WHEREFORE, the Debtor respectfully requests this Honorable Court enter a Judgment in the Debtor's favor and against the Defendant directing the Defendant to turn over the Real Estate and Pension to the Debtor, ordering the Defendant to reimburse the Debtor for costs, interest, and attorneys' fees, ordering the Defendant to pay punitive damages, and granting the Debtor such other and further relief as this Court deems just and proper under the circumstances.

Dated: January 17, 2019						Respectfully Submitted,

**OSIPOV BIGELMAN, P.C.**

/s/ Yuliy Osipov
YULIY OSIPOV (P59486)
Attorneys for Debtor/Plaintiff
20700 Civic Center Drive, Ste. 420
Southfield, MI 48076
Phone: (248) 663-1800 Fax: (248) 663-1801
Email: yo@osbig.com/